UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tin V. Nguyen,<br><br>                    Plaintiff,<br><br>     v.<br><br>United Financial Casualty Company; Lyft, Inc., *et al.*,<br><br>                    Defendants. | Case No.: 2:22-cv-00741-CDS-EJY<br><br>**Order Granting Motion to Remand**<br><br>(ECF No. 9) |

This case involves an insurance dispute stemming from a car accident that was removed from the Eighth Judicial District Court on May 9, 2022, by Defendant Progressive Commercial Advantage Agency, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, 1446. *See generally* ECF No. 1 (Petition for Removal). On May 11, 2022, Plaintiff Tin V. Nguyen filed a motion to remand this action back to state court, arguing that Defendant Progressive failed to establish that the amount in controversy is $75,000 or greater. *See generally* ECF No. 9. Plaintiff argues that consequently this court lacks jurisdiction. *Id.* Defendant Progressive filed a timely response in opposition, arguing in sum that the motion for remand neither argues nor establishes that the amount in controversy in this action is less than $75,000. *See generally* ECF No. 15. Plaintiff filed a timely reply on June 1, 2022. ECF No. 16.

Having considered the moving papers, and for the reasons set forth herein, the Court grants Plaintiff's motion to remand.

. . .

I.	Background Information

    a.	Plaintiff Nguyen is Involved in a Car Accident

On June 10, 2020, Plaintiff Tin Nguyen was driving his Toyota sedan in Las Vegas, Nevada when another driver failed to stop at a right turn for a red light and hit Plaintiff's vehicle causing a "T-bone" crash. ECF Nos. 1-1 at 2, ¶4; 9 at 2. Per Plaintiff's motion to remand, Nguyen suffered "severe and permanent injuries, including but not limited to (1) Neck Pain with Left Upper Extremity Numbness; (2) Upper Back Pain; (3) Mid Back Pain; (4) Lower Back Pain with Left Lower Extremity Numbness; (5) Headaches; (6) Dizziness; (7) Left Shoulder Pain; and (8) Bilateral Hand Numbness." ECF No. 9 at 2.

At the time of the accident, Plaintiff was working as a driver for Lyft, Inc. ECF No. 1-1 at 2, ¶4. Plaintiff was insured by Defendant Progressive Commercial, the insurance company that insured Lyft drivers. *Id.* at ¶7. According to the complaint, Progressive Commercial's insurance policy included an uninsured motorist (UM) and an under-insured motorist (UIM) coverage in the amount of $50,000. *Id.* Also according to the complaint, the availability of UM and UIM coverage was confirmed by Progressive on June 19, 2020. *Id.*

On August 13, 2021, Nguyen settled with the driver of the vehicle who caused the T-bone accident (and related injuries) and her insurance company for $25,000. *Id.* at 5, ¶11. After settling with the at-fault driver and her insurance company, Plaintiff sent a written demand to Defendants Progressive and Lyft in the amount of $50,000. *Id.* at 4, ¶9. On November 17, 2021, and contrary to an earlier representation, Defendant Progressive advised Plaintiff that his policy through Lyft did not have UM/UIM coverages and denied coverage for Plaintiff's injuries. *Id.* at 6, ¶14.

. . .

  b. **Plaintiff Files Suit in the Eighth Judicial District Court, Clark County, Nevada; Defendant Progressive Subsequently Removes the Action**

On April 4, 2022, Plaintiff filed a complaint for breach of contract, breach of covenant of good faith and fair dealing (bad faith), unfair claims practices, detrimental reliance, and promissory estoppel in the Eighth Judicial District Court. ECF No. 1-1.

On May 9, 2022, Defendant Progressive filed a timely notice of removal, removing this action from state court to federal court pursuant to 28 U.S.C. § 1332, 1441, and 1446. *See generally* ECF No. 1. The notice of removal states that the basis of removal is diversity jurisdiction, noting that there was complete diversity between all parties and the amount in controversy exceeds the required $75,000. *Id.* at 2, ¶3.

Plaintiff filed the instant motion to remand, arguing that Defendant Progressive has not and cannot establish that amount in controversy exceeds $75,000. *See generally* ECF No. 9.

## II. Legal Framework

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is

strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See St. Paul*, 303 U.S. at 288-89; *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by Plaintiff, it becomes Defendants' burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount [in controversy] is required … only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [Defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (internal quotations and citations omitted). Evidence establishing the amount in controversy is required where a defendant's assertion of the amount in controversy is contested by Plaintiffs. *Dart Cherokee*, 574 U.S. at 88. "In such a case, **both sides** submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added).

As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut.*

*Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

### III.   Analysis

Plaintiff contends that Defendant has not and cannot prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold requirement. "The sum claimed by the plaintiff controls if the claim is apparently made in good faith," *St. Paul*, 303 U.S. at 289, so the Court first looks to the complaint to evaluate Plaintiff's argument.

In the conclusion of the complaint, Plaintiff prays for 1) compensatory or expectation damages for denied policy benefits in a sum excess of $15,000, 2) for consequential damages, including emotional distress and attorney's fees, in a sum excess of $15,000, and 3) for punitive damages in excess of $15,000. ECF No. 1-1 at 14. The complaint also states that Plaintiff incurred medical damages from the car accident in the amount of $27,168.88 and wage loss totaling $4,000.00. *Id.* at 4, ¶6. It also states that Plaintiff received $25,000 from the at-fault driver. *Id.* at 4, ¶11.

The generic prayer for relief stating, "in a sum excess of $15,000," together with the other information set forth in the complaint makes it facially unclear if the amount in controversy is greater than $75,000. Aggregating each of Nguyen's $15,000 prayers for relief sums to $45,000. The net effect of Nguyen's medical bills and wage loss (totaling $31,168.88), much of which Nguyen's settlement with the at-fault driver has already recovered ($25,000) could add an additional $6,168.88 to Nguyen's complaint. But this sum still falls well below the jurisdictional requirement of $75,000.

While not included in the prayer for relief, it appears Plaintiff may also be seeking the $50,000 in UM/UIM coverage he claims was denied from Progressive. *See* ECF No. 1-1 at ¶53 ("Plaintiff is entitled to obtain the benefit of the Insurance Agreement's contractual conditions, …including coverage in the amount of $50,000 per accident…."). It may be unclear whether Plaintiff is claiming the maximum amount allowable up to $50,000 in UM/UIM coverage in additional to the additional three $15,000 prayers for relief, or if Plaintiff is merely seeking three separate forms of relief of $15,000 or more which collectively total no more than the $50,000 coverage limit. That ambiguity is likely why Defendant argues that Plaintiff made demands that far exceed $70,000, noting Plaintiff's October 26, 2021, settlement evaluation and demand letter (*see* ECF No. 1-4) states the value of the claim as $131,168.88. But this information is not properly before the Court for consideration. If the amount in controversy is not clear on the face of the complaint, a defendant must submit "summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." *See Valdez,* 372 F.3d at 1117 (noting that in determining the amount in controversy, courts examine not only the facts alleged in the complaint—which are assumed true for purposes of calculating the amount in controversy—but also "summary judgment type evidence relevant to the amount in controversy at the time of removal"). Defendant failed to submit an affidavit or declaration in support of its allegation that the amount in controversy burden has met. Plaintiff's demand letter (ECF No. 1-4) is not authenticated—thus, under the summary judgment standard this Court is not permitted to consider it. *See Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002) (finding that unauthenticated documents cannot be considered by a court when ruling on a motion for summary judgment); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence[.]"). Consequently, Defendant has failed to meet the Ninth Circuit's

standard of providing summary-judgment-type evidence and this Court grants Plaintiff's motion to remand.

IV. **Conclusion**

Defendant has not met their burden establishing that the $75,000 amount-in-controversy threshold requirement has been met in this case and therefore this Court lacks subject matter jurisdiction. Accordingly, based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that this case is remanded back to the Eighth Judicial District Court, Clark County, Nevada for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

The clerk of the court is directed to close this case.

DATED this 13th day of July, 2022.

_____
Cristina D. Silva
United States District Court Judge